J-S01025-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| STEVEN NORTHINGTON | |
| Appellant | No. 1535 EDA 2015 |

Appeal from the PCRA Order April 24, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0204881-1970

BEFORE:  GANTMAN, P.J., MUNDY, J., and MUSMANNO, J.

JUDGMENT ORDER BY MUNDY, J.:              **FILED JANUARY 13, 2016**

Appellant, Steven Northington, appeals from the April 24, 2015 order dismissing, as untimely, his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

On April 26, 1973, the trial court imposed a sentence of life imprisonment without the possibility of parole following Appellant's conviction for first-degree murder.[1]  On March 30, 1976, our Supreme Court affirmed the judgment of sentence.  ***Commonwealth v. Northington***, 353 A.2d 426 (Pa. 1976).  As Appellant did not seek a writ of *certiorari* from the United States Supreme Court, his judgment of sentence became final in

---

[1] 18 Pa.C.S.A. § 2502(a).

1976 when the period for filing a *certiorari* petition expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3) (stating, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review[]"). Appellant filed petitions for post-conviction relief in 1976 and 1984, neither of which garnered him relief. Appellant filed the instant petition on June 7, 2010; as a result, it was facially untimely. ***See generally id.*** § 9545(b)(1).

Instantly, Appellant argues that his petition is timely under the new constitutional right exception because the United States Supreme Court's decision in ***Miller v. Alabama***, 132 S. Ct. 2455 (2012) should be retroactively applied. Appellant's Brief at 3. However, our Supreme Court has rejected this argument.[2] ***Commonwealth v. Cunningham***, 81 A.3d 1, 11 (Pa. 2013), *cert. denied*, ***Cunningham v. Pennsylvania***, 134 S. Ct. 2724 (2014). To the extent Appellant's brief can be read to argue that this Court should give broader retroactive effect to ***Miller*** under ***Danforth v. Minnesota***, 552 U.S. 264 (2008), this Court lacks the judicial power to decide that question for the purposes of the PCRA time-bar. ***See*** 42

---

[2] On March 23, 2015, the Supreme Court granted *certiorari* in ***Montgomery v. Louisiana***, 135 S. Ct. 1546 (2015), which presents the ***Miller*** retroactivity question. Nonetheless, until the United States Supreme Court issues its decision, ***Cunningham*** remains dispositive of the issue in Pennsylvania.

Pa.C.S.A. § 9545(b)(1)(iii) (allowing a time-bar exception for "a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania … and has been held **by that court** to apply retroactively[]") (emphasis added).

Based on the foregoing, we conclude the PCRA court properly dismissed Appellant's PCRA petition as untimely. Accordingly, the PCRA court's April 24, 2015 order is affirmed.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/13/2016